JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Brian Nguyen

**DEFENDANTS**

Harold Clarke, Director Virginia Department of Corrections

**(b)** County of Residence of First Listed Plaintiff    Roanoke, VA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Richmond, VA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jon Sheldon, Sheldon & Flood, P.L.C. (703) 691-8410
10621 Jones Street, #301A, Fairfax, VA 22030

Attorneys *(If Known)*
The Attorney General, Office of the Attorney General, 202
North Ninth Street, Richmond, Virginia, 23819

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* | |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☒ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE    ~~April 13, 2023~~    **May 18, 2023**

SIGNATURE OF ATTORNEY OF RECORD
/s/ Jonathan P. Sheldon

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| **BRIAN DINH NGUYEN,** | : | |
| **Petitioner,** | : | |
| | : **Civ. Case No.** ___23-650___ | |
| **v.** | : | |
| | : | |
| **HAROLD CLARKE, Director,**[1] | : | |
| **Virginia Department of Corrections** | : | |
| **Respondent.** | : | |

<u>**PETITION FOR WRIT OF HABEAS CORPUS**</u>

**Brian Nguyen, by counsel:
Jonathan P. Sheldon, VSB #66726
Sheldon & Flood, PLC
10621 Jones Street, Suite 301A
Fairfax, VA 22030
Office (703) 691-8410
JSheldon@SFHDefense.com**

---

[1] Nguyen is directly supervised by Jeannine Keffer, District 15, Virginia Probation and Parole, Department of Corrections.  Harold Clarke is the Director of the Department of Corrections and Probation and Parole is under his purview.

i

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................... iii

JURISDICTION .............................................................................................................1

PROCEDURAL HISTORY.............................................................................................1

STATEMENT OF FACTS ..............................................................................................3

INEFFECTIVE ASSISTANCE OF COUNSEL ...........................................................10

LIMITATION OF REVIEW ........................................................................................11

ARGUMENT ................................................................................................................13

PRAYER FOR RELIEF ................................................................................................19

CERTIFICATE OF SERVICE ......................................................................................20

**TABLE OF AUTHORITIES**

**Cases**

*Alston v. Garrison*, 720 F.2d 812 (4th Cir. 1983) ............................................................15

*Carter v. Clarke*, No. 2:13cv484, 2014 U.S. Dist. LEXIS 187583 (E.D. Va. June 5, 2014)

......................................................................................................................................14

*Combs v. Coyle*, 205 F.3d 269 (6th Cir. 2000) ........................................................15, 16

*Conaway v. Polk*, 453 F.3d 567 (4th Cir. 2006) ............................................................11

*Doyle v. Ohio*, 426 U.S. 610 (1976) ..............................................................................14

*Gordon v. Braxton*, 780 F.3d 196 (4th Cir. 2015) ........................................................12

*Gravley v. Mills*, 87 F.3d 779 (6th Cir. 1996) ..............................................................13

*Griffin v. California*, 380 U.S. 609 (1965) ...................................................................13

*Hazel v. Commonwealth*, 524 S.E.2d 134 (Va. Ct. App. 2000) ...............................16, 17

*Hines v. Commonwealth*, 234 S.E.2d 262 (Va. 1977) ..................................14, 15, 17, 18

*Holland v. Jackson*, 542 U.S. 649 (2004) .....................................................................10

*Kearney v. Commonwealth*, No. 1078-00-1, 2002 Va. App. LEXIS 40 (Va. Ct. App. Jan.

29, 2002) ...........................................................................................................14, 15, 18

*Knowles v. United States*, 224 F.2d 168 (10th Cir. 1955) ..............................................14

*Miller-El v. Cockrell*, 537 U.S. 322 (2003) ...................................................................11

*Prevatte v. French*, 459 F. Supp. 2d 1305 (N.D. Ga. 2006) ...........................................14

*Shipwash v. Collins*, 475 F. Supp. 1000 (W.D. Va. 1979) .............................................13

*Sluder v. Commonwealth*, No. 2531-02-3, 2003 Va. App. LEXIS 605 (Va. Ct. App. Nov.

25, 2003) ...........................................................................................................................16

*Strickland v. Washington*, 466 U.S. 668 (1984)  ........................................10, 16

*Taylor v. Commonwealth*, 495 S.E.2d 522 (Va. 1998)  ....................................16

*Taylor v. Maddox*, 366 F.3d 992 (9th Cir. 2004)  ............................................12

*Walker v. True*, 399 F.3d 315 (4th Cir. 2005)  ................................................11

*Wiggins v. Smith*, 539 U.S. 510 (2003)  .........................................................12

*Winston v. Kelly (Winston I),* 592 F.3d 535 (4th Cir. 2010)  ............................12

*Wolfe v. Johnson*, 565 F.3d 140 (4th Cir. 2009)  .............................................11

*Woodford v. Visciotti*, 537 U.S. 19 (2002)  ......................................................10

**Statutes and Rules of Court**

Va. Code § 18.2-67.10  ..................................................................................2, 8

Va. Code § 18.2-67.3  .......................................................................................1

Va. Code § 18.2-370.1  .....................................................................................1

Va. Code § 19.2-268  ......................................................................................13

28 U.S.C. § 2254  .........................................................................................1, 3

28 U.S.C. § 2254(d)  ......................................................................................10

28 U.S.C. § 2254(d)(1)  ........................................................................11, 17, 18

28 U.S.C. § 2254(d)(2)  ....................................................................11, 12, 17, 18

**Jurisdiction**

1. This Court has jurisdiction pursuant to 28 U.S.C. § 2254.

2. Brian Nguyen, in custody pursuant to supervised release for his conviction, *Commonwealth v. Nguyen*, No. 31926-00 (Oct. 24, 2019 Loudoun Cty. Cir. Ct.), Appendix (hereinafter "App.") 03, and currently residing at a half-way house at 23 24th St., NW Roanoke, VA 24017, requests that this Court issue a writ of habeas corpus releasing him from his unconstitutional custody.

**Procedural History**

3. On March 12, 2018, Brian Nguyen was indicted for the alleged December 2, 2017, aggravated sexual battery, Va. Code § 18.2-67.3, of a girl under the age of 13 and taking indecent liberties with a child with whom he maintained a custodial or supervisory relationship, Va. Code § 18.2-370.1. Nguyen had been a supervisor at an evening gymnastics event and a girl had alleged that Nguyen inappropriately touched her while spotting and supervising her.

4. Nguyen was tried by jury from June 27 to June 29, 2018 in Loudoun County Circuit Court, 18 E. Market Street, Leesburg, VA 20178.

5. The jury found Nguyen guilty of aggravated sexual battery, but not guilty of taking indecent liberties. Tr. 6/29/2018 at 11. The jury recommended a sentence of 6 years imprisonment and a fine of $11,000. *Id.* at 31.

6. On August 6, 2019, the trial court held a sentencing hearing and, in an order entered on October 24, 2019, imposed the jury's sentence. *Commonwealth v. Nguyen*, Crim. No. 31926-00 (Oct. 24, 2019 Loudoun Cty. Cir. Ct.), App. 03.

7.  Nguyen appealed to the Virginia Court of Appeals raising the one issue that the evidence was insufficient to convict on the element of specific intent to sexually arouse, molest, or gratify under Virginia Code § 18.2-67.10. On May 6, 2020, the court denied his petition for appeal. *Nguyen v. Commonwealth*, No. 1765-19-4 (May 6, 2020, Va. Ct. App.), App. 10. On June 29, 2020, a 3-judge panel affirmed the denial of Nguyen's appeal. *Nguyen v. Commonwealth*, No. 1765-19-4 (June 29, 2020, Va. Ct. App.), App. 09.

8.  Nguyen appealed to the Supreme Court of Virginia and on February 5, 2021, the court denied his petition for appeal. *Nguyen v. Commonwealth*, No. 200939 (Feb. 5, 2021, Va. Sup. Ct.), App. 01.

9.  On September 16, 2021, Nguyen filed a state habeas petition in the Loudoun County Circuit Court raising the one issue in this petition. The petition was assigned to a different judge than who presided at trial. The Director opposed the petition and on August 17, 2022, the state circuit court issued an opinion and order denying Nguyen's habeas petition. *Nguyen v. Director*, No. CL 21-5222 (Aug. 17, 2022 Loudoun Cty Cir. Ct.), App. 16.

10. Nguyen filed a petition for appeal to the Supreme Court of Virginia and on February 22, 2023, the court denied the petition for appeal without addressing the merits. *Nguyen v. Director*, No. 220618 (Feb. 22, 2023 Sup. Ct. Va.), App. 02.

11. Nguyen has one year from the denial of his direct appeal to file a timely federal habeas petition.  The denial of Nguyen's direct appeal is measured from the February 5, 2022, denial by the Supreme Court of Virginia *plus 90 days* for the opportunity to seek certiorari from the United States Supreme Court. When Nguyen filed his state

2

habeas petition on September 16, 2021, therefore, 133 days had passed. The filing of Nguyen's timely state habeas petition and his timely state habeas appeal tolled the federal habeas time limit. When the Supreme Court of Virginia denied Nguyen's state habeas appeal on February 22, 2023, therefore, 232 days were left, making Nguyen's federal habeas petition due on or before October 12, 2023. This timely federal habeas petition is filed pursuant to 28 U.S.C. § 2254.

## Statement of Facts

12. Brian Nguyen's jury trial began on June 27, 2018, with arraignment, voir dire, and opening statements. The alleged victim, O.S., testified that she is eleven years old and would be twelve in October 2019. Tr. 6/27/18 at 209. O.S. did not know for how long she had been practicing gymnastics. *Id.* at 212. On the evening in question O.S. went to the gym with her friend C.K. to celebrate C.K.'s birthday. *Id.* at 214–15. C.K.'s parents dropped them off at the gym. *Id.* at 215. It was "open gym" time, during which the kids could play on any of the gymnastics equipment. *Id*. at 216. O.S. could not remember if there were a lot of children there. *Id*. at 216. There were also adults there but O.S. could not remember how many. There were about "two to three" female adults, but O.S. could not remember how many male adults. *Id.* at 217–18. O.S. identified the defendant as "coach Brian" who was at the gym. *Id.* at 218. O.S. was wearing a tight-fitting leotard and shorts. *Id.* at 220–21.

13. The first thing that O.S. played on was the bars. *Id.* at 221. She was on the bars by herself when Nguyen first approached and offered to help. *Id.* at 225–26. O.S. asked Nguyen to spot her while she did exercises on the bars. *Id.* at 228. Nguyen spotted her

by touching her on her "hips and stuff" with his hands. *Id.* at 229. The "and stuff" means her "private parts." *Id.* When asked to tell the jury what she means by "private parts," O.S. responded "he was like spotting me around the bar, and stuff." *Id.* O.S. denied that she had been spotted before by being touched on the hips and that being spotted like that was unusual, instead she's usually touched on her hands. *Id.* at 229–30. O.S. could not remember whether Nguyen touched her "front private parts, or [] back private parts, or both." *Id.* at 230. O.S. responded "yes" when asked whether her private part was her vagina and "bottom." *Id.* O.S. could not remember how many times she was touched there. *Id.* at 231. She felt uncomfortable and did not say anything. *Id.* O.S. then played a number of other games in which Nguyen was not involved. *Id.* at 232–37.

14. O.S. then played a "monster" game in the foam pit with other children and Nguyen. *Id.* at 239. O.S. asked Nguyen to play the game. *Id.* Nguyen would tickle the kids when he caught them. *Id.* at 240. When Nguyen tickled O.S. he would tickle her around her private parts also. *Id.* at 241. O.S.'s back was to Nguyen in response to leading questions she said she could not feel anything else. *Id.* at 241–42. When the Commonwealth persisted, O.S. said that "his front part" touched her. *Id.* at 242. When asked whether that meant his "private area," she answered "no." *Id.* When asked if Nguyen caught her friend C.K. in the same way, O.S. said "I don't know." *Id.* When asked how she felt playing the game O.S. answered both "comfortable" and "uncomfortable." *Id.* Nguyen did not join O.S. and C.K. when they took a break for a dinner of pizza. *Id.* at 247. After dinner O.S. went back to play the same monster game in the foam pit. *Id.* 248–49. O.S. played on other gymnastics apparatus and then

later played a game of tag. *Id.* at 250–51. Nguyen played tag and tickled her like before, over her clothes, including her vagina. *Id.* at 252–53. O.S. felt uncomfortable and scared. *Id.* at 254. O.S. claimed she told C.K. in the foam pit that Nguyen made her uncomfortable, but that they continued playing with him. *Id.* at 257–58. The night ended when C.K.'s parents came in and picked them up. *Id.* at 258.

15. On cross-examination O.S. admitted that she could not remember where the conversation took place when she told C.K. she felt uncomfortable. *Id.* at 262. They invited Nguyen to play tag with them, knew he would be chasing them, and laughed as they played. *Id.* at 266. Most of the time C.K. was ahead of O.S. as they ran together away from Nguyen. *Id.* at 268. O.S. said she did not remember if other kids were also playing and had answered many questions with "I don't remember." *Id.* at 269. Counsel asked O.S. whether anyone told her to say that and she answered "no." *Id.* When counsel followed up with "nobody's told you to say that?" The Commonwealth objected, the court overruled the objection and O.S. answered no. *Id.* at 269-70. Counsel asked a third time, "nobody from the prosecutor's office has told you to say that?" The Commonwealth again objected, and O.S. answered no for a third time. *Id.* at 270. Counsel asked twice more and O.S. answered no. *Id.* O.S. said she came up with the phrase on her own. *Id.*

16. When asked about the "monster" game in the pit, O.S. admitted that she and C.K. had asked Nguyen to play both times. *Id.* at 271. There were other adults around also supervising. *Id.* at 272. O.S. admitted that Nguyen also spotted C.K. on the bars. *Id.* 288. O.S. admitted that she was the one who asked Nguyen for help when she was on the bars. *Id.* at 290. Nguyen did not spot her for the routines that she was familiar

with, only the routine that was more difficult. *Id.* at 291. Nguyen never touched her when she was doing a pullover, back hip circle or "kip," only the "mill circle." *Id.* O.S. did 5 or 6 mill circles and was not touched during all of them. *Id.* O.S. admitted that she had gotten stuck upside down a couple times trying the mill circle. *Id.* at 293–94. Nguyen touched O.S. "inappropriately" when he was trying to spot her, and she was flipping around. *Id.* at 295. O.S. admitted that when she was little, she would get into fights with C.K. *Id.* at 297. When C.K. came over to the bars C.K. was mad at O.S. for not spending time with her, so O.S. left with her. *Id.* at 298, 300, 302. C.K. was crying and O.S. felt bad. *Id.* at 302. Later Nguyen also spotted C.K. on the bars. *Id.* at 304.

17. On redirect the Commonwealth reminded O.S. that, contrary to her sworn testimony, they had told her it was "okay if you say that you don't remember." *Id.* at 308. The Commonwealth admitted into testimony the preliminary hearing transcript of O.S.'s testimony.

18. Macey Watson, a competitive gymnast, gymnastics coach, and manager of the gym testified that he knew Nguyen. *Id.* at 324. When spotting a gymnast for the techniques that O.S. was doing the appropriate technique would be to place one's hands on the hamstring or hip area, or the lower back and mid-section of the gymnast. *Id.* at 327–28. If the gymnast is not experienced, then a "heavy spot by the hip" is appropriate. *Id.* at 328. It would not be appropriate to spot by touching the vagina, but sometimes one might have to reach "under their buttocks area." *Id.* at 329. Twice Watson reminded Nguyen when he worked for him to spot more for the kid gymnasts because he was not spotting enough. *Id.* at 333. The gymnasts' safety and sufficient spotting is

the most important thing when coaching. *Id.* at 340. Nguyen never did anything

inappropriate when working for Watson, he was just more "hands off" than Watson

would have liked. *Id.* Watson observed Nguyen spotting young girls almost daily. *Id.*

at 344–45.

19. When C.K.'s parents picked up the girls they did not want to leave and were giggling

and laughing. *Id.* at 367–68.

20. Eleven-year-old C.K. testified that she was at the gym for her birthday on the evening

in question. Tr. 6/28/18 at 6–7. C.K. has known O.S. since daycare. *Id.* at 8. They

arrived in the evening and there were about 30 kids running around. *Id.* at 10. When

Nguyen was spotting O.S. on the bars he was pushing up "between [O.S.'s] legs,"

between her "butt and her vagina." *Id.* at 13–14. When they were playing in the foam

pit, Nguyen would let go of C.K. easily, but he wouldn't let go of O.S. and grabbed

her leg. *Id.* at 19. When they were playing the chase/tag game, C.K. was good at it so

got away easily, O.S. did not. *Id.*at 24. C.K. was getting very frustrated that O.S. was

getting caught so easily. *Id.* at 24–25. C.K. "only saw [Nguyen] do it once," when

O.S. tripped, "he separated her legs and humped her." *Id.* at 25–26. C.K. did not tell

another adult about Nguyen. *Id.* at 27. C.K. was describing how her parents found out

about the incident and claimed that O.S. "was scared." *Id.* at 29. The trial court

overruled Nguyen's objection. *Id.* at 30. C.K. again testified that O.S. was "scared to

tell" her parents about the incident, and again the trial court overruled Nguyen's

objection. *Id.* at 30. Emboldened, C.K. testified a third time that O.S. was "scared to

tell my parents." *Id.*at 30.

21. On cross-examination C.K. admitted that Nguyen did not spot O.S. for a number of exercises on the bars. *Id.* at 51–52. When C.K. saw Nguyen "hump" O.S. she was far away on the other side of the gym. *Id.* at 67–68. Like O.S., C.K.'s testimony was remarkable for the things and number of times—at least ten—that C.K. did not remember: the name of the gym, what the girls did after the bars, what they ate, when they played monster in relation to playing crafts, how long she spoke to the police, who asked Nguyen to play with them, O.S. or C.K, how long they played in the foam pit, how many pullovers O.S. did, what time they ate pizza, and whether she asked Nguyen to play any games with them. *Id.* at 9, 15, 20, 21, 46, 59–63.

22. On re-direct the Commonwealth admitted into evidence a recording of the police interviewing C.K. at school shortly after the incident. *Id.* at 69-70 (Comm. Exh. 11 (broken into two segments on the disc)). In that recorded interview provided to the jury C.K. stated, *inter alia*, that "it didn't look like he was doing what she (O.S.) said he was doing" - it just looked like he was tickling her. Comm. Exh. 11, first segment, at 10:30. When asked by the investigator where Nguyen's hands were C.K. says "he was tickling her, on her stomach, all I saw, I didn't see him tickling her in any other place." *Id.* at 14:40. C.K. claimed that when O.S. was doing a mill circle she was watching and the spotting on that technique was normal. *Id.* at 20:25.

23. The Commonwealth rested their case, *id.* at 73, and Nguyen moved to strike both counts. *Id.* at 74. Nguyen argued that the Commonwealth failed to present any evidence on "sexual abuse" and the "intent to sexually molest, arouse, or gratify" as defined by Va. Code § 18.2-67.10. *Id.* at 74–75. Second, the motion was argued based on the fact that the witnesses C.K. and O.S. testimony varied so incredibly from each

other that the court could grant the motion on that basis. *Id.* at 75. The court denied the motion. *Id.* at 75–76.

24. Faith Miller, the owner of the gym *Id.* at 80, testified that C.K and O.S. wanted to play tag with Nguyen both before and after they took the arts and crafts break in the middle of the evening. *Id.* at 82. Miller's daughter, Starr Fewell, also works at the gym. *Id.* at 86. Fewell knows C.K., saw her often that evening, and her demeanor and happiness were the same at the beginning as the end of the evening. *Id.* at 90.

25. Winter Hartman, 32 years old, also worked at the gym that night. 6/28/18 Tr. 98. She was organizing the children and working on arts and crafts. *Id.* When they were working on arts and crafts she had a large monitor of the entire gym in front of her and was often viewing the gym. *Id.* at 100-01. She observed Nguyen playing tag with the kids, for example, and observed nothing "out of the ordinary." *Id.* at 101. Hartmann was not just glancing at the monitor, she was looking to make sure the employees were engaging with the children, as they were hired to do. *Id.* at 102.

26. Ashley Skaggs, 16 years old, also worked at the gym that night. 6/28/18 Tr. 133. Skaggs was also supervising the kids and was near the foam pit most of the night. *Id.* at 137. She observed Nguyen several times working with the kids, including on the bars, and saw nothing of concern. *Id.* at 137.

27. Nguyen renewed his motion to strike and the court denied the motion. *Id.* at 144.

28. During closing argument the prosecutor explained to the jury that they heard O.S. and C.K. talk about how they were touched and grabbed. 6/28/18 Tr. at 163. And then asked the jury "Now, I want you to think about, who told you that didn't happen? Not one person took the stand and said that didn't happen. Not one person." *Id.* Trial

counsel failed to object. Emboldened, the prosecutor explained to the jury that "we know that she experienced these touches . . . And not one person took the stand to tell you that that didn't happen. So, really, what evidence is there to say he is not guilty." *Id.* at 165. Again, trial counsel failed to object. As the prosecutor turned to explaining the elements of the offense to the jury, he asked whether O.S. was touched and answered "you've heard from witnesses who told you that it happened and nobody says it didn't." *Id.* at 168. Finally, the prosecutor talks about the other adult witnesses who were at the gym and explains "they can't tell you it didn't happen . . . Nobody took the stand to tell you it didn't happen." *Id.* at 172.

## Ineffective Assistance of Counsel Under the Sixth Amendment

29. The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 684-86 (1984). A claim of ineffective assistance of counsel "is an attack on the fundamental fairness of the proceeding." *Id.* at 697. To establish an ineffective assistance of counsel claim, the defendant must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." *Id.* at 687. In determining if counsel's performance was deficient, the reviewing court judges "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690.

30. In determining prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The reasonable probability

standard is a standard lower than "more likely than not." *See Holland v. Jackson*, 542 U.S. 649, 654 (2004) ("The quoted language does not imply any particular standard of probability."); *Woodford v. Visciotti*, 537 U.S. 19, 22 (2002) (noting that *Strickland* "specifically rejected the proposition that the defendant had to prove it more likely than not that the outcome would have been altered").

### Limitation of Review

31. The manner in which this Court reviews Nguyen's claims, as well as the Court's ability to grant relief or address other matters related to a proper review of the claims, depends to a substantial measure on the litigation history of the claim. For example, sections of the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") impose some limitations on the Court's ability to grant relief on claims "that [were] adjudicated on the merits in State court proceedings." 28 U.S.C. § 2254(d). A federal court's review under the AEDPA does not mean that federal habeas review has become a rubber stamp of a state court decision or an empty or meaningless ritual. *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) ("[I]n the context of federal habeas, deference does not imply abandonment or abdication of judicial review.").

32. In assessing Nguyen's claims, this Court must accept his allegations as true. *See Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009) (reversing district court ruling in which "the district court failed to accept as true the allegations of his Amended Petition" and "prematurely rejected the credence and relevance of" the petitioner's affidavits); *Conaway v. Polk*, 453 F.3d 567, 589 (4th Cir. 2006) (vacating district court ruling in which "it erred in ruling that Conaway had not alleged facts sufficient

to entitle him to relief"); *Walker v. True*, 399 F.3d 315, 319-20 (4th Cir. 2005)

(vacating district court ruling that failed to accept as true habeas petition allegations,

because "whether Walker has 'stated a claim' in his petition depends on whether he

has set forth facts that, if true, would demonstrate" entitlement to relief).

33. A federal court may grant relief if it finds that the state court decision:

    (1)    resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

    28 U.S.C. § 2254(d)(1), (2).

34. Even if the state court's decision was legally satisfactory under (d)(1), it may still not

impose any restrictions on relief due to factual inadequacies. So, if a state court's

"determination of the facts" is "unreasonable . . . in light of the evidence presented in

the State court proceeding," then a federal court has no restriction on its ability to

grant habeas relief. 28 U.S.C. § 2254(d)(2).

35. A petitioner's challenge to the state court's findings as an "unreasonable

determination" of the facts may be based on the claim that the state court decision is

not supported by sufficient evidence. *See, e.g., Wiggins v. Smith*, 539 U.S. 510

(2003); *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004).

36. In addition, "[a] claim is not 'adjudicated on the merits' when the state court makes

its decision 'on a materially incomplete record.'" *Gordon v. Braxton*, 780 F.3d 196,

202 (4th Cir. 2015) (quoting *Winston v. Kelly (Winston I),* 592 F.3d 535, 555 (4th Cir.

2010)). If a State court adjudication does not qualify as an adjudication on the merits,

*Gordon* provides that "review in the federal courts is *de novo*." *Gordon,* 780 F.3d at

202.

37. Because the state circuit court issued the only reasoned habeas opinion, *Nguyen v.*
   *Director*, No. CL 21-5222 (Aug. 17, 2022 Loudoun Cty Cir. Ct.), App. 16, it is that
   decision to which this Court refers and not the Supreme Court of Virginia's denial of
   Nguyen's petition for appeal.  *Johnson v. Williams*, 568 U.S. 289, 297 n.1 (2013).

## Argument

**Trial counsel Deprived Nguyen of his Sixth Amendment Right to the Effective
Assistance of Counsel, His Fifth Amendment Right Against Self-Incrimination, and
Fourteenth Amendment Right to Due Process by Failing to Object to the
Prosecution's Impermissible Comment During Closing Argument on Nguyen's
Invocation of his Right to not Testify at Trial.**

38. This claim is properly exhausted as this exact claim was presented to the Loudoun
   County Circuit Court, which issued a reasoned opinion, and then it was presented to
   the Supreme Court of Virginia, which declined to address the merits.

39. During closing argument, the prosecution brazenly and in violation of Nguyen's right
   against self-incrimination, four times stated to the jury that they should find Nguyen
   guilty because he did not take the stand to testify in his own defense, each time
   explaining that "nobody took the stand to tell you it didn't happen."  And each time
   trial counsel failed to object, ask for a curative instruction or a mistrial.

40. These failures prejudiced Nguyen and violated his Sixth Amendment right to counsel
   as well as his rights under the Self-Incrimination Clause of the Fifth Amendment, the
   Fourteenth Amendment, and Virginia law.  *Shipwash v. Collins*, 475 F. Supp. 1000,
   1003 (W.D. Va. 1979).

41. The Code of Virginia provides that a defendant's "failure to testify shall create no
   presumption against him, *nor be the subject of any comment* before the court or jury

by the prosecuting attorney."  Va. Code § 19.2-268.  In *Griffin v. California*, 380 U.S. 609 (1965), the Supreme Court expressly held that any comment to the jury by a prosecutor concerning the defendant's failure to testify "as to matters which he can reasonably be expected to deny or explain because of facts within his knowledge" is constitutionally forbidden.  Ineffective assistance of counsel may be established where a defense counsel fails to object to the prosecutor's "very serious instances of prosecutorial misconduct," including an "argument which invited the jury to consider constitutionally protected silence as evidence of [the defendant's] guilt." *See, e.g., Gravley v. Mills*, 87 F.3d 779, 785 (6th Cir. 1996).

42. In *Doyle v. Ohio*, 426 U.S. 610 (1976), the Supreme Court recognized that a comment on a defendant's post-arrest silence violates due process of law.  Therefore, when the Commonwealth's reference to the defendant's failure to testify is so blatant, it is incumbent on counsel to object.  Even courts that "recognize[] . . . defense counsel may not have wished to highlight Petitioner's silence by objecting and requesting a jury instruction," still find that where there has been "significant discussion of Petitioner's decision to invoke his right to silence, it would have been incumbent upon a reasonably competent attorney to raise an objection." *Prevatte v. French*, 459 F. Supp. 2d 1305, 1353 (N.D. Ga. 2006).

43. The test for determining whether remarks by the prosecutor unconstitutionally refer to a defendant's right not to testify, "is whether, in the circumstances of the particular case, 'the language used was manifestly intended *or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify*.'" *Carter v. Clarke*, No. 2:13cv484, 2014 U.S. Dist. LEXIS 187583,

at *21 (E.D. Va. June 5, 2014) (quoting *Hines v. Commonwealth*, 234 S.E.2d 262, 263 (Va. 1977) (emphasis added)); *see also Knowles v. United States*, 224 F.2d 168, 170 (10th Cir. 1955).

44. In *Kearney v. Commonwealth*, No. 1078-00-1, 2002 Va. App. LEXIS 40, at *7 (Va. Ct. App. Jan. 29, 2002), the prosecutor referred to the absence of any testimony contradicting a prosecution witness named Boothe. Because there was no third participant in the conversation between the defendant and Boothe, the Virginia court held that "the prosecutor's argument . . . referenced the inescapable conclusion that only defendant could 'contradict' Boothe's testimony, thereby 'naturally and necessarily' resulting in the jury 'tak[ing] it to be a comment on the failure of the accused to testify.'" *Id.* (quoting *Hines*, 234 S.E.2d at 263). The statements made by the Commonwealth regarding "nobody" taking the stand to contradict the witnesses, when the jury would naturally and necessarily believe that Nguyen could have been the only one with such knowledge, invite the same unconstitutional inference from the jury. In *Kearney*, the Virginia Court of Appeals held that the Commonwealth's similar impermissible arguments to the jury warranted a mistrial. *Id.* at 9. The closing argument statements of the Commonwealth in Nguyen's trial likewise prejudiced his right to a fair trial.

45. The Fourth Circuit has stated, "Few mistakes by criminal defense counsel are so grave as the failure to protest evidence that the defendant exercised his right to remain silent. Such evidence plants in the mind of the jury the dark suspicion that the defendant had something to hide and that any alibi which is subsequently proffered is pure fabrication." *Alston v. Garrison*, 720 F.2d 812, 816 (4th Cir. 1983).

15

46. In *Combs v. Coyle*, 205 F.3d 269, 286 (6th Cir. 2000), the Sixth Circuit held that trial
counsel's failure to object to similar comments was constitutionally deficient and
prejudicial. In *Combs*, the government solicited testimony that the defendant, when
approached by a police officer pre-arrest, said, "Talk to my lawyer."  In closing, the
prosecutor argued that "Talk to my lawyer" demonstrated the defendant's criminal
intent, and an innocent person with a story to tell of accident or self-defense would
not say, "Talk to my lawyer."  The attorney for the defense failed to object.  The court
stated that "Not only did the failure to object ensure that the jury could use Combs's
protected silence against him, but it also guaranteed that both the admission of the
statement and the trial court's instruction would be analyzed on review only for plain
error.  Counsel's performance with respect to this issue was constitutionally deficient
under the *Strickland* standard."  *Id.*  The Sixth Circuit concluded that trial counsel had
rendered constitutionally deficient performance and remanded the case to the district
court with instructions to issue a writ of habeas corpus.  *Id.*

47. Trial counsel's failure to object in this case prejudiced Nguyen in several ways.  First,
like the petitioner in *Combs*, Nguyen was cheated of the ability to have the issue
reviewed on direct appeal under a favorable standard.  Had this issue been subjected
to direct review, the Commonwealth would have had to prove that this constitutional
error was "'harmless beyond a reasonable doubt.'"  *Hazel v. Commonwealth*, 524
S.E.2d 134, 138 (Va. Ct. App. 2000) (quoting *Taylor v. Commonwealth*, 495 S.E.2d
522, 529 (Va. 1998) (citations omitted)). The failure of Nguyen's attorney to object
has thus prejudiced Nguyen on direct appeal. Second, had Nguyen's attorney
objected, they could have then requested a mistrial.  This would have afforded the

trial court an opportunity to immediately assess the harm caused by the impermissible argument.  Nguyen thus was prejudiced because the trial court could have granted the mistrial.  *See, e.g.*, *Sluder v. Commonwealth*, No. 2531-02-3, 2003 Va. App. LEXIS 605, at *9 (Va. Ct. App. Nov. 25, 2003).  Even if the Court had not granted the mistrial, as in *Sluder*, defense counsel would have had an opportunity to seek a curative instruction, thus preventing the impermissible prejudice.  By failing to request a mistrial or even object, Nguyen's attorney prejudiced his right to a fair trial.  In short, had defense counsel provided Nguyen with the necessary assistance, there is a reasonable probability that his trial would have had a different outcome.  *Hazel v. Commonwealth*, 524 S.E.2d 134, 139 (Va. Ct. App. 2000) ("Hazel was prejudiced by the Commonwealth having been allowed to call attention to his exercise of his constitutional right to remain silent.").

48. The state habeas court never granted Nguyen a hearing in this case, the court granted the Director's motion to dismiss. The state habeas decision resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law and resulted in a decision that was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(1), (2).

49. The state habeas court found that the prosecutor did not make an improper reference to Nguyen's right not to testify, but instead "were proper under the *Hines* test." *Nguyen v. Director*, No. CL 21-5222 (Aug. 17, 2022 Loudoun Cty Cir. Ct.), App. 16 (Slip Op. at 12). The court reasoned that the prosecutor explained to the jury that C.K. said "the touches happened," and then "observed that nobody, not even the adult

witnesses who were present at the gym on the night in question, testified that the touches didn't happen."

50. The state court's reasoning is strained and erroneous for several reasons. First, the state court mischaracterized the record. It would have been fine if the prosecutor only argued that the other adult witnesses who were present did not testify that the touches did not happen, but that's not what the prosecutor argued. The prosecutor argued, about the adult witnesses, that "they can't tell you it didn't happen . . . ." And then the prosecutor added "[n]obody took the stand to tell you it didn't happen." So the "nobody took the stand" part obviously did *not* refer to the adult witnesses who took the stand, it referred to the person who would have known and who did not take the stand – Nguyen. Second, because the prosecutor's argument at trial was that no adult witness were in a position to know whether the touching happened, it was clear the prosecutor was referring to Nguyen. No adults testified that the touches *did* happen– the other witnesses present testified they did not see touching. So the jury would naturally and necessarily take it to be a comment on the failure of Nguyen to testify.

51. The statements made by the Commonwealth regarding "nobody" taking the stand to contradict the witnesses, when the jury would naturally and necessarily believe that Nguyen could have been the only one with such knowledge, invite an unconstitutional inference from the jury.

52. The state court found the facts and "rule" in *Hines v. Commonwealth*, 234 S.E.2d 262, 263 (Va. 1977) most instructive, but the facts in this case are much more similar to the facts in *Kearney* and much worse than the facts in *Hines*. The state court ignored that obviously the only person who could say it definitively did not happen

18

was Nguyen.  Because of that and because the Commonwealth obviously harped on it four times, any reasonable juror would have believed that the commentary was on Nguyen's failure to testify. Therefore, trial counsel's failure to object was deficient performance and the state court decision was unreasonable under both 28 U.S.C. § 2254(d)(1) and (2).

53.  The state court did not reach the prejudice prong. App. 30, so there is no state court decision on that issue so no evaluation under § 2254(d), and as discussed above Nguyen was prejudiced.

54. The taking of evidence may be necessary to the proper and fair resolution of Nguyen's claim, as Nguyen never received a hearing in the state courts.  Accordingly, the Court should either grant Nguyen's petition or allow him to develop and present testimony in support of this petition, including an evidentiary hearing.

### Prayer for Relief

55.    WHEREFORE, on the basis of the above grounds, Nguyen respectfully requests that this Court:

1.    Issue a writ of habeas corpus that he may be discharged from his unconstitutional confinement and restraint and/or relieved of his unconstitutional sentence.
2.    Grant him further discovery and an evidentiary hearing at which he may present evidence in support of these claims and allow him a reasonable period of time subsequent to any hearing this Court determines to conduct, in which to brief the issues of fact and of law raised by this petition or such hearing.
3.    Direct that under Habeas Corpus Rule 7 the record in this case be expanded to include any "additional materials relevant to the determination of the merits of the petition" which are submitted.
4.    Grant such other relief as law and justice require.

Respectfully submitted,

Brian Nguyen
By Counsel

_____/s/_____
Jonathan P. Sheldon, VSB #66726
Sheldon & Flood, PLC
10621 Jones Street, Suite 301A
Fairfax, VA 22030
Office (703) 691-8410
JSheldon@SFHDefense.com

## **Certificate of Service**

I, Jonathan Sheldon, hereby certify that on this 18th day of May, 2023, the ECF system will serve counsel for the Director at:

Lauren Campbell- oagcriminallitigation@oag.state.va.us
Office of the Attorney General
202 North 9th Street, Richmond, VA 23219

_____/s/_____
Jonathan Sheldon, Esq.
Sheldon & Flood, PLC

## VERIFICATION TO
## PETITION FOR WRIT OF HABEAS CORPUS

I, Brian Nguyen, being first duly sworn, do say:

1) I have read my federal petition for habeas corpus.

2) The facts stated therein are true to the best of my information and belief.

Brian Nguyen

Subscribed and sworn before me under the penalty of perjury this 12th day of May, 2023.

Notary Public

My commission expires: 07-31-2023

My registration number is: 7635343