UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

BRIAN NGUYEN,

        Petitioner,

v.

CHADWICK DOTSON, Director, Virginia Department of Corrections,[1]

        Respondent.

Civil No. 1:23-cv-650-MSN-WEF

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Respondent's Motion to Dismiss (ECF 6). Petitioner Brian Nguyen was convicted of aggravated sexual battery of a child under the age of thirteen pursuant to Va. Code § 18.2-67.3 and sentenced to six years imprisonment. After an unsuccessful appeal of his conviction, Nguyen filed a state habeas petition arguing that he received ineffective assistance of counsel because his trial counsel failed to object to certain prosecutorial statements during closing argument. The state court dismissed his petition, finding that trial counsel's performance was not deficient. Nguyen now seeks federal habeas relief under 28 U.S.C. § 2254. Because the state-court decision was neither contrary to nor an unreasonable application of Supreme Court precedent, the Petition will be dismissed.

**I.    BACKGROUND**

On March 12, 2018, the Commonwealth of Virginia indicted Nguyen for aggravated sexual battery, Va. Code § 18.2-67.3, of a girl under the age of thirteen, and for taking indecent liberties with a child with whom he maintained a custodial or supervisory relationship, Va. Code § 18.2-

---

[1] Chadwick Dotson was appointed to serve as the Director of the Virginia Department of Corrections effective September 8, 2023, and therefore the Court will substitute him as the party respondent in place of Harold W. Clarke. Fed. R. Civ. P. 25(d).

370.1. The indictment concerned events on December 2, 2017, at an evening gymnastics event where Nguyen worked as a supervisor. Nguyen allegedly touched an eleven-year-old girl, O.S., inappropriately while spotting her and playing games in the gym.

At trial, O.S. testified that Nguyen repeatedly touched her inappropriately during the event. O.S. testified that she went to the gym with a friend, C.K., to celebrate C.K.'s birthday. C.K.'s parents dropped them off, and it was "open gym" time, during which the kids could play on any of the gymnastics equipment. Pet. ¶ 12. O.S. was wearing a tight-fitting leotard and shorts. *Id.* While O.S. was playing on the bars, Nguyen offered to spot one of her more difficult routines, a "mill circle." *Id.* ¶¶ 13, 16. O.S. testified that Nguyen touched her "private parts" and "hips" while spotting her, which was unusual in her experience. *Id.* ¶ 13. This made her uncomfortable although she did not say anything at that time. *Id.* Later in the evening, O.S., C.K., and other children were playing a "monster" game in a foam pit with Nguyen. *Id.* ¶ 14. Nguyen would tickle the children when he caught them, though O.S. testified that Nguyen tickled her private parts also. *Id.* She also testified that at one point Nguyen's "front part" touched her. *Id.* O.S. told C.K. in the foam pit that Nguyen made her uncomfortable. *Id.* After a dinner break, Nguyen played tag with them and again tickled O.S's vagina. *Id.*

C.K., also eleven years old, largely corroborated O.S.'s testimony. She testified that when Nguyen was spotting O.S. on the bars, he was pushing up "between [O.S.'s] legs," that is, "between her butt and her vagina." Pet. ¶ 20. She also testified that when they were playing in the foam pit, Nguyen would let go of C.K. easily, but would instead hold onto O.S. and grab her leg. C.K. once saw Nguyen "separate[] [O.S.'s] legs and hump[] her." *Id.* She testified that O.S. was "scared to tell" C.K.'s parents about the incident, although ultimately, they did. *Id.*

After the Commonwealth rested its case, and the trial court denied Nguyen's motion to strike both counts, other gym employees testified for the defense that they did not see anything

concerning. Macey Watson, a competitive gymnast and manager of the gym, testified that while a "heavy spot by the hip" may be appropriate for an inexperienced gymnast attempting a "mill circle," it would not be appropriate to spot by touching the vagina. Pet. ¶ 18. Faith Miller, the owner of the gym, testified that C.K. and O.S. wanted to play tag with Nguyen both before and after the break in the middle of the evening. *Id.* ¶ 24. Miller's daughter, who knows C.K., saw her often that evening and her demeanor and happiness were the same at the beginning and end of the evening. *Id.* Winter Harman, another gym employee, testified that she had a large monitor of the entire gym and was often viewing the gym; she observed Nguyen playing tag and did not observe anything "out of the ordinary." *Id.* ¶ 25. And Ashley Skaggs, a sixteen-year-old gym employee, was supervising the kids near the foam pit; she observed Nguyen several times working with the kids, including the bars, and saw nothing of concern. *Id.* ¶ 26.

At closing argument, the prosecutor made several statements regarding the lack of definitive evidence contradicting O.S.'s and C.K.'s accounts. First, when discussing C.K.'s testimony, the prosecutor said:

> And she told you about how she saw Coach Brian spotting [O.S.] and grabbing her by the—in that area right between her buttocks and her vagina.
>
> Now, I want you to think about, who told you that didn't happen? Not one person took the stand and said that didn't happen. Not one person.
>
> All that was presented to you was evidence saying that, well, at some point, the girls were happy or, at least, [C.K.] was happy.

ECF 8-5 ("Ex. 5") at 163:10-19. Second, after a brief argument addressing the evidence that the girls were happy, the prosecutor argued:

> So I'm sure she was having a good time at the moment. But we know a few things. We know, at some point, she told [C.K.] what was going on. She told [C.K.] that she was afraid. And we know that she experienced these touches, and we know that [C.K.], at least, saw some of them. And not one person took the stand to tell you that that didn't happen.
>
> So really, what evidence is there to say he is not guilty? All the evidence points to

3

> guilty, and I want you to think about that.

*Id.* at 164:18-165:6. Third, when explaining the elements of the offense to the jury, the prosecutor stated:

> So did Mr. Nguyen, first of all, touch [O.S.] in these spots? And I think the answer is yes. Again, you've heard from witnesses who told you that it happened and nobody says it didn't.

*Id.* at 167:22-168:3. Fourth, and finally, when discussing the testimony of the defense witnesses, the other gym employees, the prosecutor argued:

> They were perfectly candid that they weren't really paying attention to what was going on between Coach Brian and one other kid that was out there. Sure, they saw every once in a while. Sure, they can say that, at times, at least [C.K.] was happy.
>
> But they can't tell you it didn't happen. Nobody took the stand to tell you it didn't happen.

*Id.* at 172:10-17.

Nguyen's trial counsel did not object to any of these statements. Pet ¶ 28. Instead, counsel attacked the credibility of O.S. and C.K. and emphasized that "[t]he burden is not on myself." Ex. 5 at 180:5. Counsel explained that the burden "is certainly not on Brian to somehow demonstrate that he is innocent" and that the trial judge "guarded against this idea that you should ever consider him not testifying." *Id.* at 180:6-12. Counsel went on to say, "[t]hey say, you heard that it happened but you didn't hear that it didn't happen. Is that really true?" before arguing that the girls' testimony did not support a conviction. *Id.* at 180:17-18.

The jury found Nguyen guilty of aggravated sexual battery in violation of Va. Code § 18.2-67.3(A)(1), but not guilty of taking indecent liberties. ECF 8-1 ("Ex. 1"). Consistent with the jury's recommendation, the trial court sentenced Nguyen to six years imprisonment with three years of post-release supervision, and it imposed an $11,000 fine. ECF 8-2 ("Ex. 2").

Nguyen appealed his conviction, arguing that the evidence was insufficient to convict on the element of specific intent to sexually arouse, molest, or gratify under Va. Code. § 18.2-67.10.

4

The Court of Appeals of Virginia denied his appeal, which was affirmed by a three-judge panel on June 29, 2020. ECF 8-3 ("Ex. 3"). The Supreme Court of Virginia refused Nguyen's subsequent appeal. ECF 8-4 ("Ex. 4").

On September 16, 2021, Nguyen timely filed a state habeas petition attacking the validity of his conviction. ECF 8-7 ("Ex. 7"). Nguyen argued that his trial counsel had deprived him of his Sixth Amendment right to effective assistance of counsel, his Fifth Amendment right against self-incrimination, and his Fourteenth Amendment right to due process by failing to object to the prosecutor's comments during closing argument. The state court dismissed the petition, concluding that "the prosecutor did not make an improper reference to Petitioner's choice not to testify," and therefore "[t]rial counsel's failure to object … was not a mistake, let alone an error so serious that counsel was" ineffective for Sixth Amendment purposes. ECF 8-8 ("Ex. 8") at 14. The Supreme Court of Virginia refused Nguyen's appeal. ECF 8-9 ("Ex. 9").

Nguyen then timely filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, in which he brings the same claim as he did in his state habeas petition. Respondent moved to dismiss the Petition, and the motion is ripe for resolution.

## II.    STANDARD

The Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs habeas review of a state prisoner's claims on the merits.[2] Under AEDPA, a federal court may not grant habeas relief to a state prisoner unless the state-court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

The "'contrary to' and 'unreasonable application' clauses have independent meaning." *Bell*

---

[2] Nguyen is in custody pursuant to supervised release for his state conviction; therefore, the Court has jurisdiction under 28 U.S.C. § 2254. Respondent concedes that Nguyen properly exhausted his claim and that this Petition was timely filed. ECF 8 ("Mot. to Dismiss") ¶ 13.

5

*v. Cone*, 535 U.S. 685, 694 (2002). Under the "contrary to" clause, a federal court may grant the writ if the state court "decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). Under the "unreasonable application" clause, a federal habeas court may only grant relief if "the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

Nguyen brings an ineffective assistance claim in this Petition, which in turn carries a demanding standard. Under *Strickland v. Washington*, 466 U.S. 668 (1984), Nguyen has the burden to show that his trial counsel's performance was deficient and that he was prejudiced as a result. In determining whether the attorney's performance was deficient, "scrutiny of counsel's performance must be highly deferential," and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 688. The error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Id.* at 687. The second prong, the "prejudice" inquiry, requires showing that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Although this showing does not require a demonstration "that counsel's actions 'more likely than not altered the outcome,'… [t]he likelihood of a different result must be substantial, not just conceivable." *Harrington*, 562 U.S. at 111-12.

### III. ANALYSIS

Nguyen argues that his trial counsel's failure to object to the prosecutor's statements in closing argument deprived him of his Sixth Amendment right to effective assistance of counsel. But because the prosecutor's statements are not "naturally and necessarily" understood to be

comments on Nguyen's decision not to testify, his trial counsel's failure to object to them was not deficient. *United States v. Rand*, 835 F.3d 451, 466 (4th Cir. 2016) (quoting *United States v. Anderson*, 481 F.2d 685, 701 (4th Cir. 1973)). Even if it were, the state court's conclusion that counsel's failure to object was not deficient was neither contrary to nor an unreasonable application of clearly established federal law.

Va. Code §19.2-268 provides that a defendant's "failure to testify shall … no[t] be the subject of any comment before the court or jury by the prosecuting attorney." And the United States Supreme Court has held that the Due Process Clauses of the Fifth and Fourteenth Amendments prohibit "comment by the prosecution on the accused's silence." *Griffin v. California*, 380 U.S. 609, 615 (1965) (comments on failure to testify); *see also Doyle v. Ohio*, 426 U.S. 610 (1976) (comments on a defendant's post-arrest silence).

The Supreme Court has not, however, held that the failure to object to prosecutorial comments during closing arguments on the accused's failure to testify constitutes deficient performance under *Strickland*. And while the Fourth Circuit has held that the failure to object to "*evidence* of [the defendant's] silence to come in … on three separate occasions," is deficient performance, it too has not addressed directly the circumstances presented here. *Alston v. Garrison*, 720 F.2d 812, 816 (4th Cir. 1983) (emphasis added). For these reasons, the state-court decision cannot be "contrary to … clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Nonetheless, Nguyen argues that the state-court decision is an "unreasonable application of clearly established Federal law." 28 U.S.C. § 2254(d)(1). This argument fails, however, because counsel's failure to object was not error, and even if it were, because there is room "for fairminded disagreement," the state court's finding that counsel's performance was not deficient is not an unreasonable application of *Strickland*. *Harrington*, 562 U.S. at 103.

7

To assess whether comments concern a defendant's failure to testify, courts ask if "the language used manifestly intended to be, or was … of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." *United States v. Rand*, 835 F.3d 451, 466 (4th Cir. 2016) (quoting *United States v. Anderson*, 481 F.2d 685, 701 (4th Cir. 1973)); *see also Hines v. Commonwealth*, 234 S.E.2d 262, 263 (Va. 1977) (same). Nguyen argues that because he is "obviously the only person who could say the sexual touching definitively did not happen," and "the jury knew and the prosecutor had acknowledged" this fact, the comments were directed at Nguyen's failure to testify.

While the prosecutor's comments may be troubling when viewed in isolation, when considered in the context of the larger closing argument, they were neither "manifestly intended to be" nor "naturally and necessarily" taken to be a comment upon Nguyen's failure to testify. *Rand*, 835 F.3d at 466. The first time the prosecutor stated that "[n]ot one person took the stand and said that didn't happen," he was discussing C.K.'s testimony, and he went on to explain that "[a]ll that was presented to you was evidence saying that … [C.K.] was happy." Ex. 5 at 163:10-19. When considered in context, this comment is naturally understood as an argument about C.K.'s credibility, which the defense had attempted, at least in part, to undermine through its own witnesses. The prosecutor's argument then dovetailed into the next comment at issue, which, again in context, appears amidst a discussion of O.S.'s credibility. *See id.* at 164:18-165:6 ("And we know that she experienced these touches, and we know that [C.K.], at least, saw some of them. And not one person took the stand to tell you that that didn't happen."). This statement was immediately followed by a statement about the weight of the evidence: "So really, what evidence is there to say he is not guilty? All the evidence points to guilty, and I want you to think about that." *Id.* The third comment at issue, too, which was made when discussing the elements of the

8

offense, again refers to the weight of the evidence: "Again, you've heard from witnesses who told you that it happened and nobody says it didn't." *Id.* at 167:22-168:3. And the final comment at issue, which was made during a discussion of the defense's witnesses, is most naturally understood as a comment upon those witnesses' failure to contradict O.S.'s and C.K.'s accounts:

> They were perfectly candid that they weren't really paying attention to what was going on between Coach Brian and one other kid that was out there. Sure, they saw every once in a while. Sure, they can say that, at times, at least [C.K.] was happy.
>
> But they can't tell you it didn't happen. Nobody took the stand to tell you it didn't happen.

*Id.* at 172:10-17.

In all, when considered in their context, the prosecutor's references to "nobody" taking the stand to contradict O.S.'s and C.K.'s accounts is not "naturally and necessarily" a reference to Nguyen's failure to testify. Rather, they are more naturally understood to be references to the defense witnesses that did testify, and correspondingly to the lack of testimony provided by those witnesses that contradicted O.S.'s and C.K.'s testimony. Indeed, that is how Nguyen's trial counsel interpreted the gravamen of these comments. He directly responded to the prosecutor's comments that the jury "heard that it happened but … didn't hear that it didn't happen," by explaining that the burden "is certainly not on Brian to somehow demonstrate that he is innocent" and then arguing that O.S.'s and C.K.'s testimony did not support a conviction. Ex. 5 at 180:6-18. This context is different than the one in the primary case Nguyen relies upon, *Kearney v. Commonwealth*, 2002 WL 119840 (Va. Ct. App. Jan. 29, 2002), where the prosecutor in closing argument referenced the defendant's failure to rebut testimony concerning a "conversation [that] was exclusive to [the defendant and the witness]" where the defendant had confessed to the offenses. *Id.* at *3. In those circumstances, the prosecutor's "express[] reference[s]" to that conversation "referenced the inescapable conclusion that only defendant could 'contradict' [the witness's] testimony." *Id.* That is not the case here, however, where there were many people at the gym during the events in

9

question. Because the prosecutor's comments were not "naturally and necessarily" understood to be references to Nguyen's failure to testify, trial counsel's failure to object was not error.

Even if it were otherwise, however—and the prosecutor's comments *were* statements about Nguyen's failure to testify—trial counsel's failure to object was not clearly deficient performance under *Strickland*. Nguyen has not provided any case holding that the failure to object to such a comment in closing argument, alone, is deficient performance under *Strickland*. Instead, all of the out-of-circuit cases Nguyen relies upon concern the failure to object to the introduction of *evidence* regarding the accused's silence, not just statements made during closing arguments, which is not evidence. *See Combs v. Coyle*, 205 F.3d 269, 278-79 (6th Cir. 2000) (failing to object to introduction of evidence and jury instruction regarding post-arrest invocation of silence); *Gravley v. Mills*, 87 F.3d 779, 785-86 (6th Cir. 1996) (describing numerous "serious instances of prosecutorial misconduct" to which counsel never lodged an objection); *Prevatte v. French*, 459 F. Supp. 2d 1305, 1353 (N.D. Ga. 2006) (failing to object to evidence of silence).

Statements made during closing arguments, by contrast, are not evidence. And it is well-established that trial lawyers often "avoid objecting to the state's closing argument" if possible as a strategic matter—instead electing to respond in their own argument, as did Nguyen's trial counsel—tactical decisions which are virtually unreviewable under *Strickland*. *See Sigmon v. Stirling*, 956 F.3d 183, 194 (4th Cir. 2020) (holding that while prosecutor's comments in closing argument were "impermissible," they were not "clearly improper, and trial counsel had a strategic reason for declining to object"). Although it would be premature for the Court to find that counsel did so here, the point stands that these circumstances are materially different than the examples discussed by Nguyen.

It was therefore not an unreasonable application of *Strickland* to find that the failure to object to the prosecutor's comments here, even if referencing Nguyen's failure to testify,

constituted deficient performance.

**IV.     CONCLUSION**

At a minimum, accepting the Petition's allegations as true, there is room "for fairminded disagreement" as to whether trial counsel's failure to object was deficient. *Harrington*, 562 U.S. at 103. "The essence of an ineffective assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986). Nguyen's Petition failed to allege that here, and therefore it will be dismissed.

Accordingly, it is hereby

**ORDERED** that Respondent's Motion to Dismiss (ECF 6) is **GRANTED**; and it is further

**ORDERED** that the Petition (ECF 1) is **DISMISSED**.

The Clerk is directed to enter judgment in favor of Respondent pursuant to Rule 58 and to close this civil action.

It is **SO ORDERED**.

/s/
Michael S. Nachmanoff
United States District Judge

July 24, 2024
Alexandria, Virginia